**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MITCHELL LAVERN LUDY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No. 5:14-cv-73 (MTT) (CHW) |
| | : | |
| **CYNTHIA NELSON, *et al.*,** | : | **Proceedings under 42 U.S.C. § 1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendants.** | : | |
| | : | |

## ORDER

Before the Court in this *pro se* § 1983 action is Plaintiff's motion for a temporary restraining order.  (Doc. 12).  Plaintiff, an inmate at Dooly State Prison ("DSP"), claims that the named Defendants, most of whom are DSP officials, are "not allowing [] Plaintiff to observe Passover," which begins today, April 14, 2014, at sundown.  (Doc. 12, p. 2).  Plaintiff also claims, in the underlying action, that he was unable to observe Passover in 2013.

Because the Court has not yet completed the screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, service has not issued and the named Defendants are not properly before the Court.  Nevertheless, the Court electronically served the Attorney General's Office with a copy of Plaintiff's motion, and the Attorney General's Office has filed a response.  (Doc. 13). Included with that response is the affidavit of Marble Chaney, the DSP Deputy Warden of Care and Treatment.

A temporary restraining order, like the one Plaintiff requests, is appropriate only where the movant demonstrates: (a) a substantial likelihood of success on the merits; (b) that the order is necessary to prevent irreparable injury; (c) that the threatened injury outweighs the harm the order would cause to the non-movants; and (d) that the order would not be adverse to the public

interest. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *see also Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005) (noting that temporary injunctive relief is an "extraordinary and drastic remedy" that is "not to be granted unless the movant clearly establishes the burden of persuasion as to the four prerequisites") (internal quotation marks omitted).

In this case, Plaintiff has not shown that DSP officials are preventing him from observing Passover by withholding properly-delivered religious items, or by threatening to do so.  In his motion, Plaintiff contends that prison officials have withheld unspecified "Passover items" that were mailed by Plaintiff's family members to the prison chaplain rather than to Plaintiff. Plaintiff further contends that he is being held in disciplinary segregation due to the error in the address of the package.  According to Plaintiff's motion, officials have stated that Plaintiff would not be allowed to observe Passover while in segregation.

In her affidavit in response to Plaintiff's motion, Deputy Warden Chaney testifies that Plaintiff placed a request for several items related to the observance of Passover and that Plaintiff was instructed on the proper method for delivery of such items.  Chaney testifies that the chaplain received a package containing "anointing oil," an item not commonly associated with the observance of Passover.  Because the oil was "not sent via the appropriate mechanisms," Plaintiff was not allowed to receive it and was issued a disciplinary report.  Chaney notes that the Passover-related items specifically requested by Plaintiff and approved by DSP officials have not yet been received.  She assures the Court that further approved Passover items will be provided to Plaintiff upon receipt.

In light of this evidence that prison officials are not presently interfering with Plaintiff's right to observe Passover, Plaintiff has not demonstrated a substantial likelihood of success on

the merits of any claim related to his present observance of Passover.  He has also failed to demonstrate that the issuance of a temporary restraining order would serve to present irreparable injury, as any delay in the delivery of his Passover items does not appear to be attributable to prison officials.  Of course, the merits of Plaintiff's 2013 Passover-observance claim are not now at issue, so the instant Order has no bearing on Plaintiff's underlying action.  Accordingly, it is hereby **ORDERED** that Plaintiff's motion for a temporary restraining order (Doc. 12) be **DENIED**.

       **SO ORDERED**, this 14th day of April, 2014.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT