IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MITCHELL LAVERN LUDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:14-CV-73 (MTT) |
| | ) | |
| CYNTHIA NELSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle. (Doc. 15). After screening the complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends allowing the Plaintiff's RLUIPA claims to go forward as to all of the Defendants except for Defendants Danny Horne, Shevondah Fields, and Lisa Fountain. The Magistrate Judge recommends dismissing Horne because the Plaintiff failed to state any claims against him. The Magistrate Judge further recommends dismissing Fields and Fountain because the only facts alleged against them are regarding their denials of the Plaintiff's grievances, and the mere denial of a grievance is insufficient to impose liability pursuant to 42 U.S.C. § 1983. The Plaintiff filed an objection to the Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

In his objection, the Plaintiff provides new facts that are sufficient to allow him to proceed with his claim against Horne. The Plaintiff now alleges: (i) in February 2013, Horne recommended Aleph Institute provide the Plaintiff with Passover meals (Doc. 21 at 1, 18); (ii) the Plaintiff "refused to use" Aleph Institute and Horne "refused to address the issue" (Doc. 21 at 2, 13, 16); (iii) Horne was aware that Aleph Institute would not service the Plaintiff due to "difference[s] in belief," but Horne "refused to address the issue" (Doc. 21 at 2, 15); and (iv) the Plaintiff was eventually allowed to order meals from a different vendor, Gleiberman's, in March 2014 (Doc. 21 at 2).

It is not clear from the Plaintiff's objection whether he refused to purchase meals from Aleph Institute, a mainstream Jewish organization, or whether Aleph Institute instead refused to deal with the Plaintiff, a Black Hebrew Israelite. It is also unclear whether Horne was made aware of the differences between the Hebrew Israelite religion and mainstream Judaism and of the potential for friction between the two groups.[1] Because these inquiries are fact-based and highly relevant to the Plaintiff's claims and because the Plaintiff's pleadings, liberally construed, now allege that Horne failed to find an alternative religious vendor for over a year, the Plaintiff will be allowed to proceed with his claim against Horne.

However, the Plaintiff has not presented any new facts warranting a change in the Recommendation to dismiss Fields and Fountain. The Plaintiff merely alleges that they denied his grievances and failed to investigate his claims. As stated in the Recommendation, these allegations are insufficient to support a cognizable claim pursuant to § 1983.

---

[1] The Hebrew Israelite religion differs from mainstream Judaism, and mainstream Jews do not generally recognize Black Hebrew Israelites as being "Jewish."

The Court has reviewed the Recommendation, and the Recommendation is adopted and made the order of this Court except as to its finding that Horne should be dismissed from this action.  Fields and Fountain are **DISMISSED as parties to this action**.  The Plaintiff's remaining claims shall go forward.

**SO ORDERED**, this the 15th day of May, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
