IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MITCHELL LAVERN LUDY,** | : | |
| **Plaintiff,** | : | |
| v. | : | No. 5:14-cv-73 (MTT) (CHW) |
| **CYNTHIA NELSON,** *et al.*, | : | Proceedings under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| **Defendants.** | : | |

## RECOMMENDATION

Now before the Court are four motions filed by Plaintiff, Mitchell Lavern Ludy. In his first motion, (Doc. 24), Plaintiff claims that he was transferred from Dooly State Prison to Johnson State Prison in retaliation for filing the instant lawsuit. (Doc. 24, p. 2). Plaintiff also claims he is unable to practice his Hebrew Israelite religion at Johnson State Prison. (*Id.*). In his second motion, (Doc. 25), Plaintiff asks for an injunction ordering the Defendants to return his anointing oil. (Doc. 25, p. 5). Plaintiff also asks the Court to "address the Delay of Plaintiff['s] legal mail." (*Id.*). In his third motion, (Doc. 32), Plaintiff asks the Court to issue a TRO against various Johnson State Prison officials, who Plaintiffs claims have removed his medical profiles. (Doc. 32, pp. 1-2). Finally, in his fourth motion, (Doc. 39), Plaintiff asks the Court to issue an Order directing that Johnson State Prison officials stamp Plaintiff's legal mail "with the Date of Arrival on the envelope and the first page of the legal document." (Doc. 39, p. 1).

Insofar as Plaintiff seeks injunctive relief regarding either conditions at Johnson State Prison or his alleged retaliatory transfer to Johnson State Prison, Plaintiff must file a new Section 1983 lawsuit after first exhausting the administrative grievance procedures available to him at Johnson State Prison. *See Bryant v. Rich*, 530 F.3d 1368, 1372 (11th Cir. 2008) ("The PLRA requires inmates to exhaust available administrative remedies before filing a lawsuit"); *see also*

*Lamb v. Ferrell*, 2010 WL 3784065 at *1 (S.D.Ga. 2010) (holding that a prisoner-plaintiff failed to exhaust his administrative remedies regarding his retaliatory transfer claim). Accordingly, it is **RECOMMENDED** that Plaintiff's first, third and fourth motions (Docs. 24, 32, 39) be **DENIED**.

It is also **RECOMMENDED** that Plaintiff's second motion (Doc. 25) be **DENIED**. Plaintiff's anointing oil was the subject of a previous Motion for TRO, (Doc. 12), which the Court denied, (Doc. 14), and Plaintiff has not attempted to show that he meets the criteria warranting the "extraordinary" and "drastic" remedy of a preliminary injunction. *See, e.g., Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (describing the perquisites for preliminary injunctive relief). In particular, Plaintiff has not shown a "substantial likelihood of success on the merits" at this early stage in the proceedings. Nor has Plaintiff demonstrated a "substantial threat of irreparable injury" due to the denial of his anointing oil. Finally, insofar as Plaintiff seeks, in his second motion, injunctive relief regarding the delay of legal mail at Dooly State Prison, Plaintiff's request was rendered moot by his transfer to Johnson State Prison. *See, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("an inmate's claim for injunctive . . . relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred"). Accordingly, it is **RECOMMENDED** that the Court **DENY** all four of Plaintiff's Motions (Docs. 24, 25, 32, 39).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of May, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
