IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MITCHELL LAVERN LUDY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-73 (MTT) |
| CYNTHIA NELSON, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Before the Court is a Report and Recommendation of United States Magistrate Judge Charles H. Weigle (Doc. 86) on the Defendants' motion to dismiss (Doc. 67). The Magistrate Judge recommends granting in part and denying in part the motion to dismiss, granting the Plaintiff's fifth motion to amend (Doc. 73), and granting in part and denying in part his sixth motion to amend (Doc. 78). Both the Plaintiff and the Defendants have filed an objection. (Docs. 87; 90). The Court has thoroughly considered the Parties' objections and has made a de novo determination of the portions of the Recommendation to which the Parties object.

In his objection, the Plaintiff makes new allegations and attempts to inject a new theory of recovery into the case. The Court construes this portion of the objection as a motion to amend the complaint. *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (holding district court should have considered new allegations in objection as motion to amend the complaint). First, the Plaintiff alleges that his claims "arise[] from the decision of Cynthia Nelson and the warden officials" and

that "Defendant Gramiak stated several times that he was following the orders of his boss 'Cynthia Nelson,' as did the other Defendant(s)." (Doc. 87 at 1). Second, the Plaintiff alleges that "Dooly State Prison, Johnson State Prison and other Georgia Department of Correction prison facilities ha[ve] polic[ies] in place that allow Muslims, Catholics, and Christians to pray together, but won't allow the same thing for Hebrew Israelites." (Doc. 87 at 5). The Plaintiff claims "his rights to equal protection and due process of law have been abridged by the procedures utilized by the Defendants in circumscribing the Plaintiff['s] religious practice in violation of the Fourteenth Amendment." (Doc. 87 at 5).

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely give[n] ... when justice so requires." The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Plaintiff has previously moved to amend his complaint six times. (Docs. 6; 7; 40; 60; 73; 78). Nothing suggests that these allegations and theory of recovery were unknown to the Plaintiff at the time he filed his original complaint or his previous motions to amend. *See Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004); *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982). Moreover, the Plaintiff offers no explanation as to why the interests of justice require leave to amend or why he waited until after the Magistrate Judge's Recommendation to make these allegations and raise this theory of recovery. *See*

*Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1237 (11th Cir. 2005). Therefore, the Court finds the Plaintiff unduly delayed in seeking to amend and the motion is denied.

The Court has reviewed the Recommendation and accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Plaintiff's fifth motion to amend (Doc. 73) is **GRANTED**. The Plaintiff's sixth motion to amend (Doc. 78) is **GRANTED in part**, such that Chaplain Michael Sapp is added as a Defendant and it is **ORDERED** that service be made on Defendant Michael Sapp, but **DENIED in part** as to "Officer Robinson." The Defendant's motion to dismiss (Doc. 67) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to Plaintiff's claims for relief under RLUIPA, for declaratory and injunctive relief under § 1983, and for monetary damages against the Defendants in their official capacities under § 1983. The motion to dismiss is **DENIED** as to the Plaintiff's claims under § 1983 for nominal damages against the Defendants in their individual capacities. The claims against Defendant Nelson are **DISMISSED** and Defendant Nelson is **DISMISSED** as a party to this action.

**SO ORDERED**, this 25th day of March, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT