**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MITCHELL LAVERN LUDY ,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 5:14-cv-00073-MTT-CHW** |
| | : | |
| **CYNTHIA NELSON, et al.** | : | **Proceedings Under 42 U.S.C. § 1983** |
| | : | **Before the U.S. Magistrate Judge:** |
| **Defendants.** | : | |
| | : | |

## ORDER & RECOMMENDATION

Plaintiff Mitchell Ludy commenced this Section 1983 action on February 21, 2014, alleging that Defendants at Dooly State Prison prevented him from observing Passover in 2013, prevented him from using anointing oil in accordance with his religious beliefs during Passover in 2014, and prevented him from observing the Hebrew Israelite Sabbath through a formal worship service. Doc. 1. After Defendants' Pre-Answer Motion to Dismiss was granted in part and denied in part on March 25, 2015, Defendants answered and discovery commenced.

During the course of discovery, on October 14, 2015, this Court held a hearing on Plaintiff's Motion to Compel. Doc. 120. In that hearing and the accompanying order, the Court extended discovery until December 15, 2015, for the limited purpose of allowing Defendants to comply with the Court's order. Doc. 119. The Court directed Defendants to file a supplemental response within fourteen (14) days from the date of the hearing, and also directed Defendants to respond to Plaintiffs First Request of Interrogatories to Defendants (Doc. 118-1) within thirty (30) days of the hearing. Plaintiff was directed to file his motions regarding the taking of depositions after Defendants responded.

Since the hearing and accompanying order, Plaintiff has filed the following Motions: a Motion for Injunctive Relief (Doc. 121); a Motion to Take Depositions (Docs. 122, 139); a Motion for Reconsideration of the Court's October 14, 2015 ruling (Doc. 123); a Motion to Appoint Counsel (Doc. 124); a Motion to Produce Witnesses (Doc. 126); a Motion for Contempt of Court (Doc. 127); an Amended Motion for Reconsideration (Doc. 138); and a Motion to Clarify and Enumerate Specific Injuries to Plaintiff (Doc. 141). Plaintiff had also previously filed a Motion for Damages. Doc. 116.

Defendants filed their supplemental response to Plaintiff's Motion to Compel (Doc. 125), and then filed a Motion seeking an additional ten days to file their Responses to Plaintiff's First Request of Interrogatories (Doc. 128). This Court issued an Order on November 13, 2015, scheduling an extended period, until December 11, 2015, for Defendants to file responses to all of Plaintiff's October and November motions and granted Defendants' other requests. Doc. 133. Defendants timely responded pursuant to the Court's order. Docs. 142; 143; 144; 145; 146; and 147. Discovery closed on December 15, 2015. The time for Plaintiff to reply to Defendants' responses has now passed, and the above Motions are ripe for review.

Additionally, Plaintiff filed his Motion for Summary Judgment (Doc. 150) on December 21, 2015, and the Defendants filed a Motion for Extension of Time to File Dispositive Motion and to Respond to Plaintiff's Motion for Summary Judgment (Doc. 151) the same day.

For the following reasons, it is **ORDERED** that Plaintiff's: Motion for Damages (Doc. 116) be **DENIED**; Motion for Injunctive Relief (Doc. 121) be **DENIED**; Motions to Take Depositions (Docs. 122, 139) be **DENIED**; Motions to Appoint Counsel (Docs. 124, 140) be **DENIED**; Motion to Produce Witnesses (Doc. 126) be **DENIED**; Motion for Contempt of Court

(Doc. 127) be **DENIED**; and Motion to Clarify and Enumerate Specific Injuries to Plaintiff (Doc. 141) be **DENIED**.

It is further **ORDERED** that Defendants' Motion for Protective Order (Doc. 137), and Motion for Extension of Time to File Dispositive Motion and to Respond to Plaintiff's Motion for Summary Judgment (Doc. 151) be **GRANTED.** Defendants' shall have until Friday, February 19, 2016 to file their Motion for Summary Judgment and response to Plaintiff's Motion for Summary Judgment.

It is **RECOMMENDED** that Plaintiff's Motion for Reconsideration of the Court's October 14, 2015 ruling (Doc. 123), as well as his Amended Motion for Reconsideration (Doc. 138), be **DENIED**.

## I.   Motion for Damages (Doc. 116) and Motion to Clarify and Enumerate Specific Injuries (Doc. 141).

In his Motion for Damages, Plaintiff requests compensatory and punitive damages against the Defendants in their individual capacities. Doc. 116, p. 1. As this Court has previously explained, Plaintiff cannot obtain any of the monetary relief he requests under RLUIPA. Nor may Plaintiff—who, since filing this lawsuit, has been transferred to Johnson State Prison—obtain the requested injunctive or declaratory relief under either RLUIPA or Section 1983. Binding Eleventh Circuit case law holds that RLUIPA "cannot be construed as creating a private action against individual defendants for monetary damages." *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) (abrogated on other grounds). Accord *Aziyz v. Tremble*, 2008 WL 282738 at *4 (M.D. Ga. 2008) ("In light of the conclusion of the Eleventh Circuit in *Smith v. Allen*, therefore, the Court finds that no claims for money damages brought pursuant to RLUIPA can be maintained against Defendants in their individual capacities. This Court need not decide,

therefore, whether the Magistrate Judge was correct in concluding that Plaintiff's rights under RLUIPA were violated"). In light of these binding legal authorities, therefore, the only remedies possibly available to Plaintiff under RLUIPA are declaratory and injunctive relief.

Further, the Prison Litigation Reform Act ("PLRA") limits the type of monetary relief available to Plaintiff. (Doc. 67-1, p. 13). Specifically, Plaintiff may only potentially recover nominal damages[1] based on his allegations of "Religious persecution [and] mental and emotional distress," (Doc. 1, p. 9; Doc. 7, p. 7), because (i) the PLRA requires a prior showing of physical injury, *see* 42 U.S.C. § 1997e(e); and because (ii) the record does not contain sufficient fact-based allegations suggesting that Plaintiff suffered from a "more than *de minimis*" injury. *See, e.g.*, *Williams v. Allen*, No. 7:13-cv-86 (HL), 2014 WL 2547804 at *1 (M.D.Ga June 5, 2014) (concluding that allegations of hunger and weight loss similar to those alleged by Plaintiff were *de minimis*).

In light of the binding precedent and persuasive authority discussed above, Plaintiff's Motion for Damages (Doc. 116) is **DENIED**.

Relatedly, on December 4, 2015, Plaintiff filed a Motion to Clarify and Enumerate Specific Injuries (Doc. 141), in which Plaintiff enumerates various alleged injuries he suffered during his "forced abstinence from Kosher Passover food." Doc. 141, p. 3. Defendants argue that this motion is simply Plaintiff's "attempt to circumvent the PLRA's limitations with respect to damages" and that the Motion should be construed as a Motion to Amend. Doc. 147, p. 2. The Court agrees.

On December 19, 2014, this Court issued a comprehensive report and recommendation on Plaintiff's Fifth and Sixth Motions to Amend, as well as Defendants' Joint Motions to

---

[1] *See Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011).

Dismiss. Doc. 86. In that recommendation, the Court noted that Plaintiff's damages were limited to nominal damages, based on his allegations that he "had to miss meals for eight (8) days during Passover and as a [r]esult experienced symptoms of extreme hunger[,] pain, [and a] tremendous amount of weight loss." Doc. 80, p. 10. Plaintiff objected to that recommendation, seeking to amend his complaint with new allegations and attempted to "inject a new theory of recovery into the case." Doc. 87, p. 5; Doc. 92, p. 1. However, nowhere in that objection did Plaintiff attempt to allege the injuries he now presents, other than extreme hunger and weight loss. The District Court construed Plaintiff's objection as a motion to amend, and denied the motion finding that Plaintiff unduly delayed in seeking his amendment. *Id.* at 3.

Nearly a year after this Court issued the report and recommendation, and the District Court issued its order on Plaintiff's objection, Plaintiff seeks to amend his complaint, this time with new allegations of injuries ranging from arterial fibrillation and hypertension, to elevated cholesterol and acid reflux. Doc. 141, pp. 2-3. Plaintiff claims that these injuries are attributable to his forced abstinence from Kosher Passover food. He also attached his prescriptions labels, as exhibits for the Court to consider.

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely give[n] ... when justice so requires."  The Court "need not, however, allow an amendment (1)  where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure  deficiencies by amendments previously allowed; (2) where allowing amendment would  cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff has previously moved to amend his complaint six  times. Docs. 6; 7; 40; 60; 73; 78. Nothing suggests that these allegations were unknown to the Plaintiff at the time he filed his original

complaint or his previous motions to amend. See *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004); *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982). The Plaintiff offers no explanation as to why the interests of justice require leave to amend or why he waited until after discovery was nearly closed to make these allegations. See *Andrx Pharm., Inc. v. Elan Corp.*, PLC, 421 F.3d 1227, 1237 (11th Cir. 2005). Further, Plaintiff had many opportunities to raise these allegations, including a hearing before the Court on his Motion to Compel. Therefore, the Court finds the Plaintiff unduly delayed in seeking to amend his complaint with the alleged injuries and the motion (Doc. 141) is **DENIED**.

## II.     Motion for Injunctive Relief (Doc. 121).

In his Motion for Injunctive Relief, Plaintiff requests that the Court grant his "injunctive relief" as "part of the remedies sought in his complaint." Doc. 121. Specifically, Plaintiff states that he is "now dealing with the same constitutional violations at Johnson State Prison, as he did at Dooly State Prison, because of a state-wide policy." The Report and Recommendation (Doc. 86) issued on November 19, 2016, adopted by the District Court (Doc. 92) on March 25, 2015, squarely addressed Plaintiff's requests for injunctive relief when it found that under both RLUIPA and Section 1983, "[t]he general rule in [this] circuit is that a transfer . . . from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith*, 502 F.3d at 1267 (citing *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)). Plaintiff merely attempts to assert the same arguments that this court has already addressed. In light of this Court's previous ruling, Plaintiff's Motion for Injunctive Relief is also **DENIED**.

## III.    Motions to Take Deposition (Docs. 122, 139).

Plaintiff filed his first Motion to Take Depositions on October 23, 2015, less than ten days after the hearing on his motion to compel. Doc. 122. As stated above, in this Court's

October 14, 2015 hearing and accompanying order, the Court directed Plaintiff to file his motions regarding the taking of depositions after Defendants responded to his discovery requests. Doc. 119, p. 4. Plaintiff disregarded the Court's instructions and filed his Motion before Plaintiff received Defendants' responses. Plaintiff's motion is therefore premature, and is **DENIED**.

Plaintiff's second Motion (Doc. 139) is not premature, but should be denied. Title 28, United States Code, section 1915(a) provides:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

Additionally, 28 U.S.C. § 1915(c) provides that "the officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases."

Plaintiff filed an application to proceed *in forma pauperis* on March 6, 2015. Doc. 8. By order dated April 18, 2014, the Court granted Plaintiff's application and directed the Clerk of Court to issue summons. Additionally, the U.S. Marshal was directed to effect service of the summons and amended complaint.

Section 1915 does not address the costs of discovery such as those incurred in taking depositions. Other courts in the Eleventh Circuit, however, have held that a party proceeding *in forma pauperis* is still responsible for bearing the costs of witness fees and mileage. See *Fernandez v. Kash N' Karry Food Stores, Inc*., 136 F.R.D. 495, 496 (M.D. Fla. 1991), aff'd, 966 F.2d 1461 (11th Cir. 1992). Similarly, nothing in Section 1915 authorizes the Court to provide

for the payment of court reporter fees or costs of transcription. See *Wright v. United States*, 948 F.Supp. 61 (M.D.Fla. 1996).

The Eleventh Circuit has recently observed in an unpublished opinion that "[n]either defendants nor the district court [are] obligated to advance [an inmate] his discovery costs." *Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014) (citing *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [§ 1915] for the payment by the government of the costs of ... litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.")). In light of the foregoing, if Plaintiff cannot afford to pay the costs of oral deposition discovery, Section 1915 does not prescribe that the Court must pay for such costs. Furthermore, there were other avenues by which Plaintiff could conduct discovery, including written interrogatories and requests for production of documents, and Plaintiff used those avenues to present more than seventy-five (75) exhibits in support of his recently filed motion for summary judgment. Therefore, to the extent that Plaintiff's second Motion to take Depositions (Doc. 139) seeks relief from Plaintiff's obligations to pay for the ordinary costs of a deposition, it is **DENIED**.

### IV.    Motion to Appoint Counsel (Docs. 124, 140).

Also before the Court are Plaintiff's third and fourth requests for appointed counsel. Docs. 124, 140. Plaintiff is again advised that no right to counsel exists in civil rights actions. *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's

claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. Moreover, Plaintiff has filed a one-hundred and thirty-nine (139) page Motion for Summary Judgment in which he sets out his arguments as to why there is no genuine issue of material fact and that judgment should be entered as a matter of law in his case. Doc. 150. As such, Plaintiff's Motions for Appointment of Counsel are **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time.

### V.      Motion to Produce Witnesses (Doc. 126).

Plaintiff's Motion to Produce Witnesses (Doc. 126) provides the Court with a comprehensive list of no less than fifteen witnesses, and "moves this Court to issue a summons" for his witnesses. Doc. 126, pp. 1-3. Plaintiff appears to be requesting subpoenas, pursuant to Federal Rule of Civil Procedure 45, and his request is construed as such.

Pro se litigants are entitled to reasonable access to the courts, but are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citing  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990)). However, "this leniency does not give a court license to serve

as *de facto* counsel for a party." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

In cases involving *pro se* litigants, particularly prisoner litigants, courts have a responsibility to supervise the discovery process. Courts must pay special attention to the use of the subpoena process to obtain third-party discovery under Rule 45. "A court supervising prisoner pro so cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes." *Keith v. Mayes*, 2010 WL 3339041, * 1 (S.D.Ga., August 23, 2010) (citing *Poole v. Lambert*, 819 F.2d 1025, 1029 (11th Cir. 1987)). Plaintiff asks the Court to require the witnesses on his list to appear. In his Motion, Plaintiff does not elaborate when or where the witnesses need to appear, or for what purpose the Court should issue such a command, or indicate the nature or substance of evidence he expects to receive from such witnesses. In the absence of any supporting information, the Court cannot find that Plaintiff's requested subpoenas are warranted, and his Motion is **DENIED.**[2]

### VI.    Motion for Contempt of Court (Doc. 127).

On November 9, 2015, Plaintiff filed his "Motion for Contempt of Court," informing the Court that Defendants have failed to produce the "Inmate Concern" file as well as a disciplinary report written by Defendant Sapp, both of which this Court ordered on October 14, 2015 in its hearing and accompanying order. Docs. 119; 120. Plaintiff asks this Court to find Defendants in contempt, and also requests this Court to award Plaintiff $1000.00 against each Defendant for their "failure to produce all the documents." Doc. 127.

In their response, Defendants certify that on November 13, 2015, Defendants produced Plaintiff's Informal Concerns Nos.: 10-031; 13-133; 13-053; and 13-077. Doc. 143, p. 1.

---

[2] Plaintiff should note that his *in forma pauperis* status does not necessarily relieve him of the obligation to pay witness fees and expenses for non-party witnesses under Rule 45 of the Federal Rules of Civil Procedure. See *Shaw v. Cowart*, 300 Fed. App'x. 640, 646-47 (11th Cir. 2008).

Defendants indicate that they have been unable to locate the disciplinary report written by Defendant Sapp despite a diligent search. Doc. 143, p. 1. In his reply, Plaintiff confirms that the Defendants were unable to produce the disciplinary report, and again requests this Court to award Plaintiff $1000.00 against each Defendant for their "failure to produce all the documents." See Doc. 148.

Plaintiff correctly identifies in his Motion that Federal Rules of Civil Procedure 26, 35 and 37 regulate the production of documents during discovery, as well as sanctions for failure to comply with the rules or a Court order. Fed. R. Civ. P. 34. Doc. 127.

Under Rule 37(b)(2), "[i]f a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make such orders in regard to the failure as are just." For purposes of Rule 37, "an evasive or incomplete disclosure" is to be treated as a failure to respond. Fed.R.Civ.P. 37(a)(4). A court may grant sanctions against a "disobedient party [and/or] the attorney advising that party," *id*. at 37(b) (2)(C), who "fails to obey an order to provide or permit discovery." *Id*. at 37(b)(2)(A); *Carlucci v. Piper Aircraft Corp*., 775 F.2d 1440, 1453 (11th Cir. 1985) (The court may also "penalize uncooperative attorneys or parties litigant in discovery proceedings by requiring the payment of 'reasonable expenses, including attorney's fees, caused by the failure ....' ") (internal citations omitted).

Defendants may avoid liability for failing to comply with a Court order if they show that they made all reasonable efforts to comply with the Court's order. See *In re Chase & Sanborn Corp*., 872 F.2d 397, 400 (11th Cir. 1989). With respect to the production of the requested disciplinary report, Defendants have adequately presented justification for why they were unable to provide Plaintiff with his requests. Defendants state in their response that they conducted a diligent search and are unable to locate the actual disciplinary report. Defendants

were able to produce certain documents and correspondence regarding the disciplinary report, and sent these to Plaintiff. Doc. 142, p. 1. Because the record indicates that Defendants have made all reasonable efforts to comply with the Court's discovery order under the circumstances, Plaintiff's requested sanctions are not warranted. Plaintiff's Motion is **DENIED**.

### VII.    Defendants' Motion for Protective Order and Extension (Docs. 137, 151).

In their November 25, 2015 Motion, Defendants ask the court for a protective order, seeking an order that they be relieved of any obligation to respond to Plaintiff's "Second Request for Production of Documents." Doc. 137. Plaintiff has not responded to Defendants' Motion, and the Motion is now ripe.

Rule 26 provides that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." See Fed.R.Civ.P. 26(c). Defendants present that at this Court's October 14 hearing, discovery was extended for the limited purpose of allowing Defendants to comply with the discovery order. Plaintiff's second request for production of documents makes requests outside of the scope allowed following the October 14 hearing and order. Therefore, as Defendants have shown good cause in requesting a protective order, their motion is **GRANTED**. Defendants are relieved from responding to Plaintiff's Second Request for Production of Documents.

Defendants' Motion for Extension of Time to File Dispositive Motion and to Respond to Plaintiff's Motion for Summary Judgment (Doc. 151) is also **GRANTED**, due, in part, to Plaintiff's numerous last-minute filings. Defendants' shall have until Friday, February 19, 2016 to file their Motion for Summary Judgment and response to Plaintiff's Motion for Summary Judgment.

**VIII.    Recommendation on Plaintiff's Motions for Reconsideration (Docs. 123, 138).**

Plaintiff has also filed a "Motion for Reconsideration," in which he challenges this Court's October 14, 2015 hearing and accompanying order granting in part, and denying in part, Plaintiff's requests for the complete copy of personnel files of Defendants and a complete copy of the Plaintiff Inmate Institutional File. Docs. 119, 123. Plaintiff further states that the information sought is "relevant because it is necessary to sustain or prove his claim." Doc. 123, p. 3. Plaintiff also filed an "Amended Motion for Reconsideration," in which Plaintiff challenges Defendant Horn's answers to interrogatories, and again requests the complete personnel files of the Defendants. Doc. 138, p. 2.

Motions for reconsideration of a Magistrate Judge's ruling on a non-dispositive pretrial motion are reviewed pursuant to 28 U.S.C. § 636 (b)(1)(A), which provides that a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Here, Plaintiff fails to show that the order denying Plaintiff's motion to compel was clearly erroneous or contrary to law. Plaintiff's Motion simply restates his discovery requests, which were thoroughly addressed in the October 14 hearing. Thus, no grounds exist for reconsideration, and it is **RECOMMENDED** that Plaintiff's Motion for Reconsideration (Doc. 123) be **DENIED**.

### IX.     CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's: Motion for Damages (Doc. 116) be **DENIED**; Motion for Injunctive Relief (Doc. 121) be **DENIED**; Motions to Take Depositions (Docs. 122, 139) be **DENIED**; Motions to Appoint Counsel (Docs. 124, 140) be **DENIED**; Motion to Produce Witnesses (Doc. 126) be **DENIED**; Motion for Contempt of Court (Doc. 127) be **DENIED**; and Motion to Clarify and Enumerate Specific Injuries to Plaintiff (Doc. 141) be **DENIED**.

It is further **ORDERED** that Defendants' Motion for Protective Order (Doc. 137), and Motion for Extension of Time to File Dispositive Motion and to Respond to Plaintiff's Motion for Summary Judgment (Doc. 151) be **GRANTED.** Defendants' shall have until Friday, February 19, 2016 to file their Motion for Summary Judgment and response to Plaintiff's Motion for Summary Judgment.

It is **RECOMMENDED** that Plaintiff's Motion for Reconsideration of the Court's October 14, 2015 ruling (Doc. 123), as well as his Amended Motion for Reconsideration (Doc. 138), be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 12th day of January, 2016.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge